UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW PRICE #218680,

        Petitioner,

v.                                                           Case No. 2:06-cv-22
                                                           HON. R. ALLAN EDGAR

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner Matthew Price filed this petition for writ of habeas corpus challenging the September, 2005, decision revoking the conditional grant of parole because Petitioner failed to meet the conditions for parole. Petitioner is presently incarcerated at the Chippewa Correctional Facility (URF) and is serving a 15 year sentence for armed robbery and kidnaping and a two year sentence for felony firearm as a result of April 18, 1997, convictions.

Petitioner attaches copies of the Michigan Parole Board decision, dated June 1, 2005, which states that Petitioner would be granted parole on January 1, 2006, so long as he successfully completed the "Intensive Reentry Unit (IRU) Program." The decision indicates that failure to complete the program could result in the suspension of this parole action. (*See* Exhibit A to the habeas corpus petition.) On September 21, 2005, the Parole Board issued a decision which suspended the June 1, 2005, parole action because of Petitioner's failure to complete the IRU Program. The decision indicates that Petitioner was terminated from IRU on September 13, 2005, due to his request for protective custody. (*See* Exhibit B to the habeas corpus petition.) Petitioner

claims that the Parole Board did not comply with the statutory requirements for taking this action, and that the action was arbitrary.

Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the undersigned recommends that Petitioner's application for habeas corpus be denied.

Petitioner maintains that the Parole Board's conduct violated his Fourteenth Amendment due process rights. Petitioner states that he did not receive a written statement explaining the action taken and that the action was arbitrary. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). However, under recent statutory and rule amendments by the Michigan Legislature and Michigan Supreme Court, respectively, a prisoner no longer has an ability to appeal a parole denial under state law. The former version of MCL 791.234(8) provided that the grant or denial of parole by the Michigan Parole Board could be appealed to the circuit court by the prisoner, prosecutor or victim. *See* MCL 791.234(8) (West. 1999). The new version eliminated the ability of a prisoner to appeal a parole denial, and provides only that a grant of release on parole may be appealed by the prosecutor or the victim. *See* MCL

791.234(9) (as amended by 1999 Mich. Pub. Acts 191). The legislation was approved on November 24, 1999. Following the lead of the Michigan Legislature, the Michigan Supreme Court amended Michigan Court Rule 7.104, effective March 10, 2000, eliminating the provisions regarding the methods by which a prisoner could appeal a parole denial. *See* M.C.R. 7.104(D)(1), (2)(a). Consequently, because state law prohibits a prisoner from appealing a parole denial, Petitioner has no available state court remedy in which to exhaust his claims.

As noted above, Petitioner is claiming that the actions of the Parole Board violated his right to procedural due process. However, "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979); *see also Board of Pardons v. Allen*, 482 U.S. 369, 373, 107 S. Ct. 2415, 2418 (1987) (the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release). An inmate's interest in the mere possibility of parole is not protected by due process. *Greenholtz*, 442 U.S. at 10-11; *Wagner v. Gilligan*, 609 F.2d 866, 867 (1979). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

Where a state's parole statute is purely discretionary and does not mandate a presumption of release, there is no protected statutory entitlement to parole on which a due process claim could be grounded. *Greenholtz*, 442 U.S. at 9-11; *Wagner*, 609 F.2d at 867. The Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1158 (1995). In unpublished decisions, the Sixth Circuit also has held that particular parts of Michigan's statutory parole scheme

do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995), *cert. denied*, 522 U.S. 1057 (1998); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. April 10, 1990). Further, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Petitioner's grant of parole was entirely conditional of his completion of the IRU Program, and Petitioner concedes that he did not comply with this condition. Accordingly, Petitioner has no liberty interest at stake. Because Petitioner has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue

merits review, if the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of this action was debatable or wrong because Petitioner has no constitutional right to parole, so that the denial of such does not satisfy 28 U.S.C. § 2253(c)(2). Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of

this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                                    /s/ Timothy P. Greeley  
                                                    TIMOTHY P. GREELEY  
                                                    UNITED STATES MAGISTRATE JUDGE

Dated:   February 8, 2006