UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MATTHEW PRICE #218680,

    Petitioner,

v.                                                  Case No. 2:06-cv-22
                                                  HON. R. ALLAN EDGAR

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Respondent.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

       The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on February 8, 2006. The Report and Recommendation was duly served on the parties. The Court has received objections from the Petitioner. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court finds the objections to be without merit.

       In his objections, Petitioner contends that the Magistrate Judge erred in finding that his procedural due process rights were not violated by the September, 2005 decision revoking the conditional grant of parole because Petitioner failed to meet the conditions for parole. Petitioner states that his parole was not conditional on his completion of the Intensive Reentry Unit (IRU) Program. However, the Michigan Parole Board decision, dated June 1, 2005, specifically states that Petitioner would be granted parole on January 1, 2006, so long as he successfully completed the IRU Program. Moreover, the decision indicates that failure to complete the program could result in the

suspension of this parole action. (*See* Exhibit A to the habeas corpus petition.) Therefore, Petitioner's claim that his parole was not conditioned on his completion of the program is completely without merit.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the Court, and Petitioner's application is DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong because Petitioner has no constitutional right to parole, so that the denial of such does not satisfy 28 U.S.C. § 2253(c)(2). Therefore, the Court DENIES Petitioner a certificate of appealability.


Dated: *April 7, 2006*          /s/  R. Allan Edgar
                               R. ALLAN EDGAR
                               UNITED STATES DISTRICT JUDGE